**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ANTECH DIAGNOSTICS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHANNON GREELEY and )<br>SCOTTSDALE VETERINARY SERVICE, P.C., )<br>)<br>Defendants. ) | Case No. 16-CV-10955 |

## COMPLAINT AT LAW

Plaintiff, ANTECH DIAGNOSTICS, INC., by its attorneys, McVEY & PARSKY, LLC, and complaining of Defendants, SHANNON GREELEY and SCOTTSDALE VETERINARY SERVICE, P.C., states as follows:

### PARTIES

1. Plaintiff Antech Diagnostics, Inc. ("Antech") is a California corporation with its principal place of business in Irvine, Orange County, California, and is registered to do business in Illinois.

2. Defendant SHANNON GREELEY is a citizen of the State of Illinois.

3. Defendant SCOTTSDALE VETERINARY SERVICE, P.C. ("Scottsdale") is an Illinois professional corporation operating under the assumed name Scottsdale Animal Clinic with its principal place of business at 8528 S. Cicero Avenue, Burbank, Illinois 60459, and thus is a citizen of the state of Illinois. Greeley is the president and owner of Scottsdale.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked based upon diversity of citizenship of the parties, pursuant to 28 U.S.C. 1332, as this action is between citizens of different states, and the matter in controversy in the action exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is properly laid in the Northern District of Illinois pursuant to 28 U.S.C. 1391, as a substantial part of the events giving rise to this claim occurred within this district, and because all defendants are subject to personal jurisdiction here.

## BACKGROUND

6. On or about April 1, 2011, Antech entered into a written Services Agreement (the "Agreement") with Defendants.

7. Greeley is referred to in the Agreement as the "Animal Hospital Owner."

8. The Defendants agreed to exclusively use Antech's veterinary diagnostic and clinical laboratory services ("Laboratory Services") for an Initial Term of seventy-two (72) months starting on April 1, 2011, and ending March 31, 2017.

9. The Defendants further agreed to purchase Laboratory Services in an amount of not less than $24,000 per Contract Year (the "Minimum Average Annual Fee").

10. On or about January 17, 2014, the parties entered into an Amended and Restated Exclusive Laboratory Services Agreement (the "Amended Agreement"), extending the Term of the Agreement to March 30, 2022, and increasing the Minimum Average Annual Fee to not less than $42,000 per Contract Year starting January 31, 2014. A copy of the Amended Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

11. Section 10 of the Standard Terms and Conditions of the Amended Agreement provides in part that the Agreement is to be governed by and construed in accordance with the

internal laws of the State of California. Additionally, the prevailing party in any litigation is entitled to recover all costs of the proceeding, including attorneys' fees.

12. Starting on or about December 28, 2015, Defendants stopped paying for Antech's services.

13. Despite several attempts by Antech to arrange for a payment plan with Defendants, the Defendants continued to not pay for Antech's services.

## COUNT I – BREACH OF CONTRACT

14. Antech hereby incorporates the averments set forth in paragraphs 1 through 13, above, as if set forth in full herein.

15. The Amended Agreement is a valid and enforceable contract between Antech and Defendants.

16. Antech has performed all material conditions, covenants, and promises required on its part to be performed according to the terms and conditions of the Amended Agreement.

17. Section 8 of the Standard Terms and Conditions of the Amended Agreement states that an Event of Default occurs if (i) Practice Owner fails to satisfy the Annual Minimum Fees; (ii) Practice Owner is in material breach of its obligations under the Amended Agreement; or (iii) Practice Owner fails to pay any amounts pursuant to the Amended Agreement and fails to cure such default within 20 days of receiving notice from Antech.

18. Defendants have breached the Amended Agreement by failing to pay all amounts due to Antech for its Laboratory Services and by failing to meet the Annual Minimum Fees.

19. As a result of Defendants' breach of the Amended Agreement, Antech is entitled to damages in the amount of $37,428.60, representing Defendants' unpaid invoices.

20. Additionally, as a result of Defendants' breach of the Amended Agreement, Antech has been damaged in an amount of $235,598.00, representing Antech's anticipated lost profits for the remainder of the Agreement.

## **CONCLUSION**

WHEREFORE, based on the foregoing, Plaintiff Antech Diagnostics, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants in an amount of $273,026.60, plus costs and attorneys' fees, due to Defendants' breach of the Amended Agreement, and for such further relief as this Court deems just and proper.

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: November 30, 2016   Respectfully Submitted,

s/John P. McCorry
One of the Attorneys for Plaintiff
ANTECH DIAGNOSTICS, INC.

Mark E. Parsky (#6184456)
John P. McCorry (#6280573)
MCVEY & PARSKY, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL  60602
Phone: (312) 551-2130
Fax:     (312) 551-2131
E-mail:  mep@mcveyparsky-law.com
            jpm@mcveyparsky-law.com