## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ANTECH DIAGNOSTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-10955 |
| ) | |
| SHANNON GREELEY and SCOTTSDALE ) | |
| VETERINARY SERVICE, P.C., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO AMEND AND SUPPLIMENT DEFENDANTS' DECLARATION *INSTANTER*

NOW COMES the Defendants, Shannon Greeley and Scottsdale Veterinary Service, P.C., by and through their attorneys, Anthony J. Peraica & Associates, Ltd., submit the following amendment to Defendants' Exhibit 6 attached to Defendants' Response to Plaintiff's Rule 56.1 Statement of Facts and Defendants' Additional Facts.

1. On July 17, 2018, Defendants' were out of town at a veterinary conference and was unable to physically sign Defendants' Declaration.

2. Upon reviewing the Declaration, Defendants' were able to correspond by email with a mobile device.

3. With no access to send a physical copy of the declaration with physical signature the Defendants' were only able to provide an electronic signature in order to timely file Defendants' Response to Plaintiff's Motion for Summary Judgment.

4. On July 25, 2018, Plaintiff filed its objection to Defendants' declaration citing the Northern District of Illinois' General Order 16-0020 on Electronic Case Filing.

5. Defendants having now returned to the state of Illinois now submit the initially filed declaration with her physical signature.

6. The Defendants' request leave to file an amended declaration with physical signature to supplement Defendants' exhibit 6 *instanter*, an amended copy being attached.

WHEREFORE, for the above stated reasons, Defendants, Shannon Greeley and Scottsdale Veterinary Service, P.C., respectfully prays that this Court enter an Order granting the Defendants leave to file an amended declaration, *instanter*, and for such other relief that is just and equitable.

Respectfully Submitted,

_____
Anthony J. Peraica

Anthony J. Peraica, ARDC No.: 6186661
Anthony J. Peraica & Associates, Ltd.
Attorneys For Defendants
5130 South Archer Avenue
Chicago, Illinois 60632
(773) 735-1700

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ANTECH DIAGNOSTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-10955 |
| ) | |
| SHANNON GREELEY and SCOTTSDALE ) | |
| VETERINARY SERVICE, P.C., ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF SHANNON GREELEY**

Pursuant to 28 U.S.C. §1746, I, Shannon Greeley, state as follows:

1. I am over the age of eighteen and have personal knowledge of the matters set forth in this declaration. I am competent to testify on such matters in a trial or hearing, if necessary.

2. I am a citizen of the State of Illinois.

3. Scottsdale Veterinary Service, P.C. is an Illinois professional corporation with its principal place of business in Burbank, Cook County, Illinois.

4. I am the president and authorized agent of Scottsdale Veterinary Service, P.C.

5. Prior to April 11, 2011, I was not under a contract for services with the Antech Diagnostics, Inc.

6. On or about April 11, 2011, I was contacted by sales representatives from Antech Diagnostic, Inc.

7. On or about April 11, 2011, I was presented with a "Services Agreement."

8. While discussing the "Services Agreement" the sale representative and I never discussed my financial ability to meet the service obligations contained in the "Minimum Average Annual Fee."

9. The sales person never presented any Pricing Terms or Laboratory Fee Schedules that were referenced in "Annex 1" of the Services Agreement on the time of execution on April 11, 2011.

10. At no time were Pricing Terms or Laboratory Fee Schedules ever attached or added to the Services Agreement prior to or after execution of said agreement on April 11, 2011.

11. Prior to January 17, 2014, I had spoken with Antech Diagnostics, Inc's collections department on several occasions regarding my financial difficulties in meeting the obligations of the current "Services Agreement."

12. On or about January 17, 2014, I was presented with an Amended and Restated Exclusive Laboratory Services Agreement.

13. There was no negotiation of terms between myself and the Antech Diagnostic Inc's sales representative.

14. At the time of execution there was no Annex regarding pricing of laboratory services or fee schedules, nor was such Annex discussed prior to execution.

15. Approximately three weeks later, on February 5, 2014, an Antech Diagnostic Inc's representative informed me that he neglected to present and attach a special pricing list.

16. I initialed the Special Pricing Schedule in the bottom left corner and wrote the date of initial, February 5, 2014.

17. Pricing increases were not even negotiated for the Services Agreement nor the Amended and Restated Exclusive Laboratory Services Agreement.

18. The yearly service increases created a hardship by raising the price of services, eroding profit margins, making Scottsdale Veterinary Service, P.C. noncompetitive with other clinics' pricing in the process. In addition, increases made it impossible to meet the

increased financial obligations of the Amended and Restated Exclusive Laboratory Services Agreement.

19. On or about June 16, 2018, after Antech Diagnostics, Inc., deactivated laboratory services and I was no longer allowed access to any laboratory services, tests, and results that were previously rendered and paid for, regardless of the date administered.

I declare under penalty of perjury that the foregoing to true and correct.

*Shannon Greeley* (signature)

Shannon Greeley

Executed on the 27th day of July, 2018.